IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FRANKIE L. RAINES                                                                                 PLAINTIFF

      v.                                       Civil No.   13-2167

SHERIFF RON BROWN                                                                          DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed *in forma pauperis*.

At the time he filed the complaint, Plaintiff was incarcerated in the Crawford County Detention Center. He was informed that he needed to immediately advise the Court of any changes in his address (Doc. 3). On July 3, 2013, mail was returned to the Court marked "not at this address." Plaintiff provided no other address to the Court.

The Court then obtained the home address Plaintiff had provided to the detention center when he was booked in. A change of address was entered on his behalf (Doc. 7). Plaintiff was reminded of his obligation to keep the Court informed of his current address at all times. Mail sent to the home address was returned as undeliverable on July 31st and August 5th.

Local Rule 5.5(c)(2) provides in part as follows:

> Parties appearing *pro se*. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.

To date, the Court has not received any communication from the Plaintiff. I therefore recommend that the complaint be dismissed on the grounds Plaintiff has failed to prosecute this action and comply with the order of the court. *See* Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of September 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE